SUPREME COURT OF ARIZONA

STATE OF ARIZONA,                    )    Arizona Supreme Court
                                     )    No.  CR-99-0296-AP
                         Appellee,)
                                     )    Pima County Superior Court
             v.                      )    No.  CR-61452
                                     )
KEITH ROYAL PHILLIPS,                )
                                     )    **SUPPLEMENTAL OPINION**
                        Appellant.)
                                     )
                                     )

Appeal from the Superior Court in Pima County
The Honorable Bernardo P. Velasco, Judge

**REMANDED FOR RESENTENCING**

JANET A. NAPOLITANO, ARIZONA ATTORNEY GENERAL            Phoenix
     by   Kent E. Cattani, Chief Counsel,
          Capital Litigation Section
     and  Robert L. Ellman, Assistant Attorney General
     and  James P. Beene, Assistant Attorney General
     and  John P. Todd, Assistant Attorney General
     and  Bruce M. Ferg, Assistant Attorney General     Tucson
Attorneys for Appellee

SUSAN A. KETTLEWELL, PIMA COUNTY PUBLIC DEFENDER         Tucson
     by   John F. Palumbo, Assistant Public Defender
     and  Rebecca A. McLean, Assistant Public Defender
Attorneys for Appellant

**B E R C H**, Justice

¶1      Keith Phillips was sentenced to death under a procedure

found unconstitutional in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct.

2428 (2002) (*Ring II*).  In *Ring II*, the Supreme Court held that

Arizona's capital sentencing scheme violated the defendant's Sixth

Amendment right to a jury trial.[1]  *Id.* at 609, 122 S. Ct. at 2443.
In doing so, the Court held that defendants "are entitled to a jury
determination of any fact on which the legislature conditions an
increase in their maximum punishment."  *Id.* at 589, 122 S. Ct. at
2432.  The Court remanded for further proceedings consistent with
its decision.  *Id.* at 609, 122 S. Ct. at 2443.

**¶2**       On remand, we consolidated all cases, including
Phillips', in which the death penalty had been imposed and the
mandate had not yet issued from this court, to determine whether
*Ring II* requires reversal or vacatur of the death sentences in
these cases.  *State v. Ring*, ___ Ariz. ___, ___, ¶¶ 5-6, 65 P.3d
915, 925 (2003) (*Ring III*).  We concluded that we must review each
death sentence imposed under Arizona's superseded capital
sentencing statutes for harmless error.  *Id.* at ___, ¶ 53, 65 P.3d
at 936.  This is that review in Phillips' case.

**FACTS AND PROCEDURAL HISTORY**

**¶3**       On March 1, 1999, a jury found Keith Phillips guilty of
two counts of attempted murder, and forty-five counts of armed
robbery, kidnapping, and aggravated assault, all stemming from
three separate robberies that occurred over a sixteen-day period in
April 1998.  *See State v. Phillips*, 202 Ariz. 427, 431, ¶ 1, 46

---

[1]       The legislature has since amended the statute requiring
judge-sentencing in capital cases.  *See* 2002 Ariz. Sess. Laws, 5th
Spec. Sess. ch. 1, § 1.

P.3d 1048, 1052 (2002). Phillips was also convicted of premeditated and felony murder for a homicide committed by his partner, Marcus Finch, during the third robbery. *Id.* at 431-32, ¶¶ 1, 9, 46 P.3d at 1052-53. Following the jury's verdict, the trial judge conducted a sentencing hearing in which he found beyond a reasonable doubt that Phillips expected pecuniary gain as the result of the murder and that he was guilty of prior serious offenses, aggravating circumstances rendering Phillips eligible for the death sentence. *Id.* at 433, ¶ 15, 46 P.3d at 1054; Ariz. Rev. Stat. ("A.R.S.") § 13-703(F)(2), (F)(5) (Supp. 1998). After reviewing the mitigating circumstances Phillips presented at the sentencing hearing, the judge concluded "that either of the two aggravating circumstances was sufficient in itself to outweigh the mitigation." *Phillips*, 202 Ariz. at 433, ¶ 15, 46 P.3d at 1054. On appeal, we vacated Phillips' conviction of premeditated murder but affirmed all of the other convictions and sentences. *Id.* at 441, ¶ 83, 446 P.3d at 1062. We now review whether, in light of *Ring II* and *Ring III*, the death sentence imposed on Phillips can stand.

**DISCUSSION**

**A.   Aggravating Circumstances**

1.   <u>Prior serious offense</u>

¶4      Arizona law lists as an aggravating circumstance whether "[t]he defendant was previously convicted of a serious offense,

whether preparatory or completed." A.R.S. § 13-703(F)(2). The trial judge found that Phillips had been convicted of prior serious offenses, armed robbery and aggravated assault, in 1998. *Phillips*, 202 Ariz. at 438-39, ¶ 57, 46 P.3d at 1059-60. Further, the judge determined that the twenty-five convictions for armed robbery, aggravated assault, and kidnapping committed during the first two robberies in the series of robberies at issue also constituted prior serious offenses.[2] *Id.*

¶5 In *Ring III*, we held "that the Sixth Amendment does not require a jury to determine prior convictions under sections 13-703.F.1 and F.2." ___ Ariz. at ___-___, ¶ 55, 65 P.3d at 936-37. Accordingly, we will not disturb the trial judge's finding that the aggravating circumstance of prior serious offenses was proved, rendering Phillips eligible for the death sentence.

2. Pecuniary gain

¶6 Arizona law makes commission of an offense "in expectation of the receipt . . . of anything of pecuniary value" an aggravating circumstance. A.R.S. § 13-703(F)(5). A finding of pecuniary gain does not automatically follow each time a robbery

---

[2] The trial judge also considered the armed robbery, kidnapping, and aggravated assault charges from the third robbery in his (F)(2) finding. *Phillips*, 202 Ariz. at 438-39, ¶ 57, 46 P.3d at 1059-60. This court held that the trial court erred in considering the charges from the third robbery, but found the error harmless because Phillips' 1998 convictions as well as the convictions from the first two robberies satisfied the (F)(2) circumstance. *Id.* ¶¶ 56-57.

results in murder; rather, the inquiry is highly fact intensive. *Ring III*, ___ Ariz. at ___, ¶¶ 76-77, 65 P.3d at 941.

**¶7** The trial judge found that the State proved beyond a reasonable doubt that the murder was motivated by Phillips' desire "to obtain money to buy drugs," a pecuniary motive. This finding fulfills the requirement that "the state must prove that the murder would not have occurred but for the defendant's pecuniary motive." *Id.* ¶ 75 (citing *State v. Harding*, 137 Ariz. 278, 296-97, 670 P.2d 383, 394-95 (1983)). We affirmed the pecuniary gain factor on appeal. *Phillips*, 202 Ariz. at 438, ¶ 55, 46 P.3d at 1059.

**¶8** Because the finding of pecuniary gain is so fact-intensive, however, we cannot affirm a pecuniary gain finding unless we are convinced beyond a reasonable doubt that no reasonable jury could find that the State *failed* to prove pecuniary gain beyond a reasonable doubt. *See Ring III*, ___ Ariz. at ___, ¶¶ 76-79, 65 P.3d at 941. Only in such a case will we find harmless error regarding that factor. *Id.* ¶ 79.

**¶9** This court has held that pecuniary gain is an aggravating factor if "a murder was committed to hinder detection" of a continuing robbery. *State v. Lee*, 185 Ariz. 549, 558, 917 P.2d 692, 701 (1996); *see also State v. Rockwell*, 161 Ariz. 5, 14, 775 P.2d 1069, 1078 (1989) (holding that if a witness was eliminated to facilitate the theft, "the murder was part and parcel of the robbery"). The trial judge determined that the murder was

motivated by pecuniary gain because "Finch shot and killed Hendricks during the course of that felony so he and Phillips could successfully complete the robbery without detection." *Phillips*, 202 Ariz. at 437, ¶ 44, 46 P.3d at 1058 (referencing special verdict).

¶10      Next, the judge determined that Phillips *participated* in the murder for pecuniary gain.[3] *Phillips*, 202 Ariz. at 438, ¶ 53, 46 P.3d at 1059.  The trial judge relied on evidence presented at trial that, to get the patrons' attention, Phillips fired his weapon in a dangerous manner upon entering the restaurant where the third robbery took place.  This, the judge concluded, showed that Phillips commenced the robbery "with murder in his heart or, at the least, with indifference to human life such that death would occur before any money was obtained."  This evidence supports the finding of felony murder, which requires that a defendant have intended to commit the underlying enumerated felony, and, "in furtherance of that offense, cause[d] the death of any person."  A.R.S. § 13-1105(A)(2) (2001).  But because there was little evidence as to Phillips' intent and motivation regarding Finch's killing of Hendricks, we cannot say that a jury would be unreasonable to conclude that Phillips' participation in the murder was motivated

---

[3]      We bear in mind that when the trial judge was making this determination, Phillips still stood convicted of both felony and premeditated murder.  It is impossible to say whether his analysis would have differed had Phillips stood convicted only of felony murder at his sentencing.

by something other than pecuniary gain.

**¶11**     Finch, the shooter, killed the victim to avoid detection and further the robbery. *See Phillips*, 202 Ariz. at 437, ¶ 44, 46 P.3d at 1058.  The evidence is not so clear, however, that Phillips shared Finch's motivation.  The Supreme Court has said that in a capital case based on felony murder, the punishment must reflect the defendant's own culpability, not that of the person who did the actual killing.  *Enmund v. Florida*, 458 U.S. 782, 798, 102 S. Ct. 3368, 3377 (1982).

**¶12**     While on remand a jury may well conclude that Phillips participated in the crime for pecuniary gain, we cannot say beyond a reasonable doubt that it would so conclude.  *See State v. Fulminante*, 161 Ariz. 237, 245, 778 P.2d 602, 610 (1988) (holding that the error is harmless if the court can determine, beyond a reasonable doubt, that error did not affect the verdict).

### B.   Mitigating Circumstances

**¶13**     To sentence a defendant to death, not only must the trier of fact find, beyond a reasonable doubt, the existence of one or more aggravating circumstances, but it must also consider whether any mitigating circumstances are sufficiently substantial to call for leniency.  *See* A.R.S. § 13-703(E) (Supp. 2002).  *Ring III* allows us to "affirm a capital sentence only if we conclude, beyond a reasonable doubt, that no rational trier of fact would determine that the mitigating circumstances were sufficiently substantial to

call for leniency." ___ Ariz. at ___, ¶ 104, 65 P.3d at 946.

¶14        Phillips offered more than ten mitigating circumstances for the court's consideration.  The trial judge found only two mitigators,[4] and he did not find their weight sufficient to call for leniency.  After reviewing the evidence, we cannot say that a reasonable jury would not have found additional mitigating factors or weighed differently the mitigating factors that were found. Furthermore, we cannot say beyond a reasonable doubt that if a jury had found additional mitigating circumstances or weighed the mitigating circumstances differently, it would not have found them "sufficiently substantial to call for leniency."  A.R.S. § 13-703(E).

## CONCLUSION

¶15        Accordingly, because we cannot say that the sentencing procedure used here resulted in harmless error, we vacate Phillips' death sentence and remand for resentencing under A.R.S. section 13-703 and 13-703.01 (Supp. 2002).

_____
Rebecca White Berch, Justice

_____

[4]     The special verdict reflects that the judge found two mitigating factors; the reported opinion reflects that one was found. *See* Special Verdict at 5; *Phillips*, 202 Ariz. at 433, ¶ 15, 46 P.3d at 1054.  We need not resolve this discrepancy because this issue will be re-tried.

CONCURRING:

_____

Ruth V. McGregor, Vice Chief Justice

_____

Michael D. Ryan, Justice

**J O N E S**, C.J., concurring in part, dissenting in part:

¶16      I concur in the result, but dissent from the majority's conclusion that harmless error analysis is appropriate where sentencing determinations are made by the trial judge in the absence of the jury.  The right to trial by an impartial jury is fundamental.  The sentencing phase is, of itself, a life or death matter.  Where a judge, not a jury, determines all questions pertaining to sentencing, I believe a violation of the Sixth Amendment to the Constitution of the United States has occurred.  In the aftermath of the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S. Ct. 2428 (2002) (*Ring II*), the absence of the jury in the sentencing phase of a capital trial necessarily amounts to structural error.  I would remand the case for resentencing, simply on the basis of the Sixth Amendment violation.  *See State v. Ring,* ____ Ariz. ____, ____ ¶¶ 105-14, 65 P.3d 915, 946-48 (2003) (Feldman J., concurring in part, dissenting in part) (*Ring III*).

_____
Charles E. Jones, Chief Justice

-9-